RYAN W. DANIELS
Nevada Bar No. 13094
KRISTOPHER J. KALKOWSKI
Nevada Bar No. 14892
KAEMPFER CROWELL
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
rdaniels@kcnvlaw.com
kkalkowski@kcnvlaw.com

***Attorneys for Defendants***
***Jackie Robinson; All Net, LLC;***
***Dribble Dunk, LLC; and Loring Jacobs***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TACSIS APC, a California corporation; and KENT LIMSON, an individual,<br><br>Plaintiffs,<br>vs.<br><br>JACKIE ROBINSON, an individual; et al.<br><br>Defendants. | Case No.: 2:24-cv-02284-RFB-EJY<br><br>**MOTION TO DISMISS** |

Defendants Jackie Robinson, All Net, LLC, Dribble Dunk, LLC, and Loring Jacobs, through their counsel, Kaempfer Crowell, move for dismissal of the Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Plaintiffs TACSIS APC and Kent Limson filed this lawsuit based on allegations about "a Ponzi scheme stemming over ten years" arising from a commercial project planned for the Las Vegas Strip. The issue before the Court at this early stage is simple: whether Plaintiffs filed their

single cause of action—a violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1962—within the governing four-year statutory of limitations period.

Plaintiffs did not timely file this RICO claim. Ninth Circuit precedent establishes that the governing four-year statutory limitations period began to run when Plaintiffs knew or should have known of the injury that underlies their RICO cause of action. Their injury is non-payment of loans owed to Plaintiffs. Crucially, this limitations period does not wait until Plaintiffs discovered that their financial losses allegedly stemmed from a fraudulent scheme to raise money for a commercial project on the Strip. Nor does this limitations period wait until Plaintiffs' officially discovered all elements to a RICO claim. Rather, the limitations period began when Plaintiffs' first knew or should have known of their underlying financial injury.

According to Plaintiffs' own allegations in the Complaint, Plaintiffs knew of their financial injury that began the four-year statutory limitations period back in 2019, February 2020, or, at the latest, February 2020. Their allegations state that by "early 2019" the allegedly fraudulent loans at issue in this case entered default, thus creating actionable injury to Plaintiffs. Even more, Plaintiffs filed a lawsuit in California in February 2020 regarding the Defendants' alleged breach of the loan agreements and surety agreements. And, Plaintiff filed another lawsuit in California in November 2020 on this subject, too, alleging fraudulent loans as well as breached obligations owed to Plaintiffs.

Yet, despite having knowledge of their injury and bringing other civil lawsuits about that injury, Plaintiffs did not file this Nevada federal lawsuit bringing a RICO claim until December 2024—more than four years after they knew of their underlying injury. Because Plaintiffs' own pleading allegations establish that they did not timely file this lawsuit, the Court should dismiss the case with prejudice.

Moreover, Plaintiffs already filed substantively identical litigation in California state court.

So, if the Court does not dismiss this lawsuit with prejudice as untimely, it should dismiss it under the *Colorado River* abstention doctrine.

## II. BACKGROUND

To avoid duplicative content, Defendants Jackie Robinson, All Net, LLC, Dribble Dunk, LLC, and Loring Jacobs incorporate by reference the "Factual and Procedural History" Section of the "ANLD Defendants'" Motion to Dismiss, (ECF No. 13).

## III. ARGUMENT

There are two reasons for the Court to dismiss this lawsuit against Defendants Jackie Robinson, All Net, LLC, Dribble Dunk, LLC, and Loring Jacobs. First, Plaintiffs did not file their RICO claim within the governing four-year statutory limitations period. Second, the Court should abstain from this litigation based on what is commonly referred to as the *Colorado River* doctrine because there is substantively identical civil litigation already pending in California state court, which Plaintiffs filed before this Nevada federal lawsuit.

### A. The Court Should Dismiss This Lawsuit with Prejudice Because Plaintiffs' Allegations Establish That They Did Not File It Within the Governing Four-Year Statutory Limitations Period for a RICO Claim.

A four-year statutory limitations period governs a RICO claim. This four-year period follows the "injury discovery" rule adopted by the Ninth Circuit nearly thirty years ago. *E.g. Grimmett v. Brown*, 75 F.3d 506, 511 (9th Cir. 1996).

The "injury discovery" rule means that the four-year limitations period begins to run when the plaintiff knows or "should know" of injury that now underlies a presented RICO claim. *Id.* Thus, the crucial focus for timeliness is the date of injury.

As the Ninth Circuit has explained, this limitations period does not wait until the date that the plaintiff learns their injury stemmed from a fraudulent scheme. *Id.* Nor does this limitations period wait until the plaintiff "has discovered all elements" to a RICO claim. *Id.* at 511–12 (holding

that the plaintiff's argument was "wrong" when the plaintiff asserted that a RICO cause of action should not accrue "until she has discovered that all elements exist"); *Boat People S.O.S., Inc. v. Voice*, No. 8:24-cv-00135-DOC-DFMx, 2024 U.S. Dist. LEXIS 138650, at *12 (C.D. Cal. July 31, 2024) ("Once the injury is discovered, a RICO plaintiff is responsible for determining within the limitations period whether their injury was caused by a RICO scheme.").

Here, Plaintiffs' own Complaint confirms that they did not timely file this lawsuit within the governing four-year statutory limitations period. Their Complaint arises from a series of seven loans that Plaintiffs completed through wire transfers between November 13, 2018, and July 12, 2019. (Compl. at 14, ECF No. 1). The Complaint expressly alleges that Plaintiffs experienced financial injury stemming from these loans beginning "early 2019"—when loans began to default on payment obligations owed to Plaintiffs. (*Id.* ¶ 33) (alleging that, by the "fifth loan" completed on July 12, 2019, the "four smaller loans" had already "entered the default stage").

Under Ninth Circuit precedent stretching over 30 years, the four-year limitations period on Plaintiffs' RICO claim began to accrue by that "early 2019" time period because this is when Plaintiffs felt injury arising from what they now allege was a fraudulent loan and investment scheme. Their knowledge of defaulted loans began the statutory limitations period and provided Plaintiffs four years to investigate and file a RICO claim. *See, e.g.*, *Plaintiffs v. Farmers Ins. Co. Defendants*, 648 F. Supp. 3d 1174, 1178 (C.D. Cal. 2022) (explaining that a "plaintiff is deemed to have had constructive knowledge [for purposes of the limitations period on a RICO claim beginning] if [the plaintiff] had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud").

Plaintiffs, however, did not timely file their RICO claim that now supports this federal lawsuit. Instead, they waited until December 2024 to file this federal lawsuit.

To be sure about the untimeliness of Plaintiffs' RICO claim, the Court can turn to Plaintiffs'

various other civil lawsuits filed in California. Plaintiffs filed a federal civil lawsuit in California on February 19, 2020, where they brought extensive allegations about the Defendants breaching the same seven loans now at issue in this Nevada federal lawsuit. (Ex. 1 to ANLD Defs.' Mot. Judicial Notice, Complaint – United States District Court for the Central District of California Case No. 2:20-cv-01626 GW (ASx), ECF NO. 14-1). Plaintiffs' court filings establish their knowledge by February 2020 of injury arising from the at-issue loans with the Defendants, which Plaintiffs now attribute to fraud and use as the basis for a RICO claim.

Even more, Plaintiffs expressly allege that they filed another lawsuit in California based on the Defendants' breach of these loans, breach of surety agreements, and failed agreements to pay Plaintiffs. They filed that lawsuit on November 2, 2020—still more than four years before they ultimately filed their RICO claim in this Nevada federal lawsuit pending before the Court. (Compl. ¶ 34, ECF No. 1) (referencing "case number 20STCV41938"); (Ex. 3 to ANLD Defs.' Mot. Judicial Notice, Complaint - Los Angeles Superior Court Case No. 20STCV41938, ECF No. 14-3) (showing the complaint in case 20STCV41938 bearing a filing date of November 2, 2020).

Altogether, Plaintiffs indisputably had knowledge since 2019, February 2020, or, at the latest, November 2020 about injuries that they now allege were from a "Ponzi" scheme concocted by the Defendants and supporting their RICO claim. Their own pleading allegations and prior lawsuits establish as much. Because they did not file *this* Nevada federal lawsuit bringing a RICO claim until more than four years afterward, the four-year limitations period bars their RICO claim with prejudice.

**B. The Court Should Dismiss This Lawsuit Based on Duplicative Litigation in California State Court That Plaintiffs Filed Before This Federal Civil Lawsuit in Nevada.**

The ANLD Defendants' Motion to Dismiss, (ECF No. 13), includes a thorough explanation and argument as to why *Colorado River* abstention should apply here and result in dismissal of

this Nevada federal lawsuit. Plaintiffs already have a pending lawsuit in California state court on the substantively same facts, parties, and allegedly fraudulent conduct now at issue here. For that reason, Defendants Jackie Robinson, All Net, LLC, Dribble Dunk, LLC, and Loring Jacobs join in the ANLD Defendants' arguments in their Motion to Dismiss regarding *Colorado River* abstention. (Mot. Dismiss 18:12–21:11, ECF No. 13).

## IV. CONCLUSION

For the reasons stated in this Motion, the Court should dismiss this lawsuit with prejudice because Plaintiffs did not file it within the governing four-year statutory limitations period. Alternatively, the Court should dismiss this lawsuit under established abstention principles because Plaintiffs already have a pending lawsuit in California state court concerning substantively the same conduct, parties, and allegedly fraudulent conduct alleged in this later-filed Nevada federal litigation.

DATED this 11th day of February, 2025.

KAEMPFER CROWELL

By: */s/ Ryan W. Daniels*

RYAN W. DANIELS (Nevada Bar No. 13094)
KRISTOPHER J. KALKOWSKI (Nevada Bar No. 14892)
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135

***Attorneys for Defendants Jackie Robinson; All Net, LLC; Dribble Dunk, LLC; and Loring Jacobs***

# CERTIFICATE OF SERVICE

I certify that I am an employee of KAEMPFER CROWELL, and that on the date below, I caused the foregoing **MOTION TO DISMISS** to be served via CM/ECF addressed to the following:

Law Office of Shawn R. Perez
Shawn R. Perez (NV SBN: 10421)
7121 W. Craig Rd, #113-38
Las Vegas, NV 89129
Shawn711@msn.com

TACSIS Law APC
John S. Manzano (CA SBN: 170546)
*Pro Hac Vice (pending application)*
3424 W. Carson Street, Suite 600
Torrance, CA 90503
law@tacsis.com

***Counsel for Plaintiffs***

Hanratty Law Group
Kevin M. Hanratty
Nevada Bar No. 007734
1815 Village Center Circle, Suite 140
Las Vegas, Nevada 89134
kevinh@hanrattylawgroup.com

Jeffer Mangels Butler & Mitchell
Jon A. Weininger
*(Pro Hac Vice Petition Pending)*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
jweininger@jmbm.com

***Attorneys for Defendants All Net Land Development, LLC and David G. Lowden***

DATED this 11th day of February, 2025.

/s/
an employee of Kaempfer Crowell