1  JACQUELINE V. NICHOLS, ESQ.
   Nevada Bar No. 14246
2  **GORDON REES SCULLY MANSUKHANI, LLP**
   300 So. 4th Street, Suite 1550
3  Las Vegas, Nevada 89101
   Telephone: (702) 577-9300
4  Direct: (702) 577-9315
   Facsimile: (702) 255-2858
5  E-Mail: jnichols@grsm.com

6  *Attorney for Defendants Messner Reeves LLP
   and Torben Welch*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TACSIS APC, a California corporation; and KENT LIMSON, an individual,<br><br>　　　　　Plaintiffs,<br>v.<br><br>JACKIE ROBINSON, an individual; ALL NET LAND DEVELOPMENT, LLC, a Nevada Limited Liability Company; ALL NET, LLC, a Nevada Limited Liability Company; DRIBBLE DUNK, LLC, a Nevada Limited Liability Company; AGS ASSURETY, LLC, a Nevada Limited Liability Company; TIMOTHY J. ARELLANO, an individual; DAVID LOWDEN, an individual; MESSNER REEVES LLP, a Colorado Limited Liability Partnership; TORBEN WELCH, an individual; LORING JACOBS, an individual, and DOES 1 THROUGH 100 INCLUSIVE,<br><br>　　　　　Defendants. | Case No.: 2:24-cv-02284-RFB-EJY<br><br>**MESSNER REEVES, LLP AND TORBEN WELCH'S UNOPPOSED MOTION TO STAY DISCOVERY** |

Defendants Messner Reeves LLP, and Torben Welch (collectively, "Attorney Defendants"), by and through their attorneys at the law offices of GORDON REES SCULLY MANSUKHANI, LLP, move to stay discovery in this case pending a determination of Attorney Defendants' Motion to Dismiss.

Counsel for Attorney Defendants conferred with Plaintiffs' counsel regarding the proposed motion on February 12, 2025. Plaintiffs do not oppose Attorney Defendants' request.

This Motion is made and supported by the attached memorandum of points and authorities and all papers and pleadings on file herein.

DATED this 12th day of February 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Jackie Nichols*
Jacqueline V. Nichols, Esq.
Nevada Bar No. 14246
300 So. 4th Street, Suite 1550
Las Vegas, Nevada 89101

***Attorney for Defendants Messner Reeves LLP and Torben Welch***

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This case arises from a series of loans to fund the construction of a basketball arena and family resort in Las Vegas. When the loans were not repaid Plaintiffs initiated litigation against the borrower and related entities in the United States District Court for the Central District of California in February 2020. That case was dismissed, and Plaintiffs filed a new action in the Los Angeles Superior Court in November 2020. Some of the defendants in the state court action were represented by attorneys from the law firm of Messner Reeves, LLP. This representation began *after* those defendants engaged in the alleged conduct that forms the basis for Plaintiffs' RICO claim. Plaintiffs have now initiated this action based on the same allegations, asserting a claim under the Racketeer Influenced and Corrupt Organization Act ("RICO").

Attorney Defendants have moved to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, since Plaintiffs do not allege Attorney Defendants were involved in the predicate acts, and they do not allege any injury resulting from Attorney Defendants' conduct. [ECF No. 35]. Attorney Defendants request that the court stay discovery pending a ruling on the Motion to Dismiss.

### II. LEGAL ANALYSIS

Under Fed. R. Civ. P. 26(c)(4), a district court may limit discovery "for good cause."

*Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). "When deciding whether to issue a stay, a court must take a 'preliminary peek' at the merits of the dispositive motion pending in the case." *Whittemore v. Anderson Fin. Servs., LLC*, No. 2:19-cv-01951-GMN-EJY, 2020 WL 1430377, at *1 (D. Nev. Mar. 20, 2020) (citing *Buckwalter v. Nevada Bd. of Medical Examiners*, No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011)). This "preliminary peek" is not intended to prejudge the outcome of the underlying motion, but rather "to evaluate the propriety of an order staying or limiting discovery." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). The goal, under Fed. R. Civ. P. 1, is to "decide whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Id.* In making this determination, "the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery." *Whittemore*, 2020 WL 1430377, at *1 (citing *Tradebay*, 278 F.R.D. at 602).

A stay is appropriate where a pending motion to dismiss "demonstrates a likelihood of success" with respect to an argument that a plaintiff fails plead RICO claims with particularity. *Navajo Health Found. - Sage Mem'l Hosp., Inc. v. Razaghi Dev. Co.,* No. 2:19-cv-00329-GMN-EJY, 2021 WL 1397229, at *6 (D. Nev. Jan. 15, 2021). A stay is also appropriate where a Plaintiff "does not appear to claim any personal injury arising from" the violation of a predicate RICO act. *Whittemore*, 2020 WL 1430377, at *2. *See also Schrader v. Wynn Las Vegas, LLC,* No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *5 (D. Nev. Oct. 14, 2021) (finding it would be prejudicial to Defendants to proceed with discovery where RICO claims would be dismissed if pending dispositive motions were granted).

Here, the predicate acts underlying Plaintiffs' RICO claim are wire fraud in connection with a series of loans made to Defendant All Net, LLC, and guaranteed by Defendant Jackie Robinson. [ECF No. 1, ¶ 54]. Plaintiffs do not allege that Attorney Defendants participated in these predicate acts, but only that Defendant Jackie Robinson paid Attorney Defendants (with the implication being Attorney Defendants received racketeering income). [*Id.* ¶ 22]. As Attorney

-3-

1 Defendants note in their Motion to Dismiss, the allegation of receipt of racketeering income is
2 insufficient for liability to attach under RICO. *See Grider v. Texas Oil & Gas Corp.*, 868 F.2d
3 1147, 1149 (10th Cir.1989) ("Significantly, the statute does not state that it is unlawful to *receive*
4 racketeering income; rather … the statute prohibits a person who *has received* such income *from*
5 *using or investing it* in the proscribed manner.") (emphasis in original). *See also Nugget*
6 *Hydroelectric, L.P. v. Pacific Gas & Elec. Co.*, 981 F.2d 429, 437 (9th Cir. 1992) (adopting
7 *Grider*).

8     The only allegations related to Attorney Defendants' conduct concern a "secondary
9 enterprise," by which Attorney Defendants "associated with several known and convicted
10 felons" to entice businesses to provide funds in the form of loan fees. [ECF No. 1, ¶¶ 42–43].
11 The only injuries alleged are related to the unpaid loans. [*Id.* at 16:15–16]. Because Plaintiffs do
12 not allege Attorney Defendants actually participated in the operation or management of the
13 enterprise conducting the pattern of racketeering activity that gives rise to their RICO claim, they
14 fail to state a claim against Attorney Defendants. Even if Plaintiffs' allegations about the
15 "secondary enterprise" were true, Plaintiffs do not allege any predicate acts of racketeering
16 conducted by the secondary enterprise with the specificity required by Rule 9(b). Moreover, they
17 do not claim their funds were among those client funds allegedly siphoned off, and they do not
18 allege that they were victims of the BELOC scheme. That is, they do not allege that *they* were
19 injured by the conduct of this secondary enterprise. They do not allege any connection between
20 this "secondary enterprise" and the predicate acts of wire fraud underlying their RICO claim.

21     Even if Plaintiffs plausibly allege that Attorney Defendants participated in the conduct at
22 the heart of the Complaint, their claim would be barred by the statute of limitations. Plaintiffs
23 previously initiated lawsuits based on the same conduct alleged here in federal and state courts in
24 California. Those other lawsuits establish that Plaintiffs have been aware of the injury underlying
25 their Complaint for more than four years, which means their RICO claim accrued outside the
26 statute of limitations for a civil RICO claim. For these reasons Plaintiffs' claims are subject to
27 dismissal under Rule 12(b)(6).
28

-4-

### III. CONCLUSION

For the reasons given above, Defendants Messner Reeves LLP and Torben Welch request that the Court stay discovery in this matter pending a ruling on their Motion to Dismiss.

DATED this 13th day of February 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Jackie Nichols*
Jacqueline V. Nichols, Esq.
Nevada Bar No. 14246
300 So. 4th Street, Suite 1550
Las Vegas, Nevada 89101

***Attorney for Defendants Messner Reeves LLP and Torben Welch***

**ORDER**

IT IS SO ORDERED:

_____
United States Magistrate Judge Elayna J. Youchah

DATED: _____