UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TACSIS APC, et al., | Case No.: 2:24-cv-02284-APG-EJY |
| Plaintiffs | **Order Granting Defendants' Motions to Dismiss** |
| v. | [ECF Nos. 13, 35, 36] |
| JACKIE ROBINSON, et al, | |
| Defendants | |

TACSIS APC and Kent Limson sue several persons and entities under the Racketeer Influenced and Corrupt Organizations Act (RICO) alleging that the defendants fraudulently induced the plaintiffs to make seven loans totaling more than $2 million for a failed basketball arena on the Las Vegas Strip. Defendants All Net Land Development, LLC and David Lowden (ANLD defendants); Messner Reeves LLP and Torben Welch (attorney defendants); and All Net, LLC, Dribble Dunk, LLC, Jackie Robinson, and Loring Jacobs (All Net defendants) move to dismiss under Federal Rule of Civil Procedure 12(b)(6).

All three groups of defendants argue that the plaintiffs' RICO suit is time-barred. The attorney defendants also assert that the plaintiffs fail to plausibly allege a RICO claim as to the attorney defendants. And the ANLD defendants and All Net defendants both argue that if I do not dismiss the suit, I should abstain under *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) because there is a separate lawsuit pending in Las Angeles Superior Court about the same subject matter. The plaintiffs respond that they discovered some of their injuries within the limitation period, that these later injuries accrued separately, and that they have plausibly alleged their RICO claim against the attorney defendants. They also assert that this lawsuit involves separate claims and different parties than

their California suit. I grant the defendants' motions because the plaintiffs' RICO claim is time-barred, and I give the plaintiffs leave to amend.

## I. BACKGROUND[1]

Defendant Jackie Robinson led the All Net Project, which was intended to build a basketball arena capable of hosting a National Basketball Association (NBA) expansion team as well as a family resort on the Las Vegas Strip. Robinson and others allegedly solicited short-term loans from the plaintiffs and other investors by framing them as "bridging loans" that would be repaid as soon as the already-approved building funds came through. ECF No. 1 at 6. These loans were allegedly secured by surety bonds issued by defendants AGS Assurety, LLC and Timothy Arellano.

The plaintiffs wired funds from seven separate short-term loans to All Net in 2018 and 2019 totaling $2,144,200. Because the first four loans were already in default by the time of the fifth loan, Limson was given a 1/10th of 1% equitable ownership interest in the All Net Project as part of the fifth loan. Eventually, all the loans defaulted and the surety agreements were breached. The plaintiffs sued Robinson, All Net, LLC, AGS, and Arellano in Los Angeles Superior Court (LASC) on November 2, 2020 for, among other claims, breach of contract, bad faith, and fraud. ECF No. 14-3 at 2, 20. During the LASC litigation, the plaintiffs discovered that the surety bonds guaranteeing the loans were "fraudulent and/or forged." ECF No. 1 at 9.

The All Net defendants allegedly continued to solicit funds from short-term lenders "for some time following receipt of plaintiffs' loans." *Id.* at 11 (simplified). But eventually the defendants were unable to find any new lenders and instead worked with Welch and his firm Messner Reeves, LLP to set up fake lending entities to acquire business equity lines of credit.

---

[1] Unless otherwise noted, all facts are taken from the complaint ECF No. 1.

Welch also allegedly siphoned funds from the Messner Reeves client trust account. In November 2023, the Clark County Commission shut down the All Net Project. This lawsuit and the pending motions to dismiss followed.

## II. ANALYSIS

In considering a motion to dismiss, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). However, I do not "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1163 (9th Cir. 2017). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. The plaintiffs' RICO claim is time-barred.

The ANLD defendants argue that the plaintiffs knew about their injury at least by the time they filed the LASC lawsuit on November 2, 2020. The ANLD defendants ask that I take judicial notice of that lawsuit to show what the plaintiffs knew at that time. The plaintiffs respond that they discovered that the surety bonds were "phony," "entirely fraudulent and non-existent" as opposed to simply underfunded during discovery for the LASC lawsuit. ECF No. 31 at 12. The plaintiffs assert that this discovery was a new injury as was the loss of Limson's

ownership interest when the Clark County Commission shut down the All Net Project. The plaintiffs argue these injuries were discovered or separately accrued within the limitation period.

The limitation period for a civil RICO claim is four years. *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143, 156 (1987). This period begins to run "when a plaintiff knows or should know of the injury that underlies his cause of action." *Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001) (quotation omitted). "The plaintiff need not discover that the injury is part of a 'pattern of racketeering' for the period to begin to run." *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996). Within this "injury discovery" rule, the "separate accrual rule" allows a new cause of action for each new and independent injury. *Id.* In order for an overt act to restart the limitation period, (1) it "must be a new and independent act that is not merely a reaffirmation of a previous act; and (2) it must inflict new and accumulating injury on the plaintiff." *Id.* at 513 (simplified).

I may dismiss a complaint as time-barred only if the expiration of the limitation period is "apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006) (quotation omitted). Thus, I cannot dismiss a complaint unless the plaintiff undoubtedly fails to allege any set of facts proving the timeliness of their claim. *United States v. Page*, 116 F.4th 822, 825-26 (9th Cir. 2024). I may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, but I cannot take judicial notice of disputed facts in such public records. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

I take judicial notice that the plaintiffs filed the LASC complaint on November 2, 2020 and made the allegations in that complaint. These facts are not subject to reasonable dispute

because they can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The complaint in this case was filed on December 10, 2024, and seeks damages only for the amount of the seven loans, trebled under the RICO statute. ECF No. 1 at 15-16. It does not seek damages for the fraudulent surety bonds or for the loss of Limson's ownership interest. The LASC complaint seeks damages for the same loans and for the failure of the surety bonds. ECF No. 14-3 at 6, 17-18. The LASC complaint thus demonstrates that the plaintiffs were aware by then that they were damaged by the defendants' alleged failure to repay the loans and the failure to secure the loans with the surety bonds.

Even reading the current complaint broadly, it does not allege that the plaintiffs suffered a distinct injury by discovering that the bonds were fraudulent. The plaintiffs were injured by All Net defaulting on their loans and AGS and Arellanos' failure to then pay on the surety bonds. The plaintiffs were aware of both of these breaches when they filed the LASC complaint. *Id.* at 8-9. The fact that the bonds were fraudulent or nonexistent, as opposed to underfunded, may help show a racketeering pattern, but discovery of the surety breach started the limitation period. The plaintiffs' discovery that the bonds were fraudulent also does not satisfy the separate accrual rule because this discovery is not a new injury, and it was not caused by a new and independent overt act.

Limson's lost ownership interest also does not restart the limitation period. The complaint does not ascribe any tangible value to the ownership interest other than to say that it was "worth potentially millions of dollars in the future as the popularity of the stadium grew." ECF No. 1 at 8. But this potential is theoretical because the complaint also alleges that the entire project was a "Ponzi scheme" and "nothing more than a house of cards." *Id.* at 11-12. And the

complaint does not seek any damages for the lost ownership interest, reflecting its speculative nature. *See Oscar v. Univ. Students Co-op. Ass'n*, 965 F.2d 783, 785 (9th Cir. 1992) (en banc) *abrogated on other grounds by Diaz v. Gates*, 420 F.3d 897 (9th Cir. 2005) (A RICO action must result in a "tangible financial loss to the plaintiff," not a mere "injury to a valuable intangible property interest." (quotation omitted)). And even if the lost ownership interest was a tangible loss, it would not satisfy the separate accrual rule. That rule requires an overt act by the defendants to restart the limitation period. *See Pace Indus., Inc. v. Three Phoenix Co.*, 813 F.2d 234, 237-38 (9th Cir. 1987); *Grimmett*, 75 F.3d at 513 (applying *Pace* rule to RICO). The complaint states that the Clark County Commission shut down the project, not the defendants. ECF No. 1 at 12.

Finally, even if the separate accrual rule applied to the ownership interest, it would not encompass the relief the complaint seeks. A corollary rule to the separate accrual rule "is that damages may not be recovered for injuries sustained as a result of acts committed outside the limitations period." *Grimmett*, 75 F.3d at 512 (quotation omitted). The only damages the complaint seeks are for the defaulted loans, which occurred more than four years prior to this suit. Therefore, even if the complaint plausibly alleged the defendants committed a new overt act that caused the lost ownership interest, the plaintiffs would be limited to recover only for that lost interest.

The LASC complaint makes clear that the plaintiffs knew about the injuries in their complaint more than four years before filing this lawsuit. The plaintiffs' RICO claim is therefore time-barred, so I grant the motions to dismiss filed by the ANLD defendants, attorney defendants, and All Net defendants.

Although it seems unlikely that additional facts could cure the statute of limitations issue, I grant the plaintiffs leave to amend their complaint if they can plead additional facts to support a RICO claim within the limitation period. Because I am granting the motion to dismiss, I decline to address the defendants' *Colorado River* abstention argument.

### B. The plaintiffs have not plausibly alleged a RICO claim against the attorney defendants.

Because I grant the plaintiffs leave to amend, I will also address the attorney defendants' substantive dismissal argument. They argue that the plaintiffs have not plausibly alleged that the attorney defendants participated in the predicate acts of wire fraud, the allegations involving the attorney defendants lack particularity, and the complaint does not plausibly allege injury arising from the attorney defendants' conduct. The plaintiffs respond that they have plausibly alleged all elements of their RICO claim, and that the attorney defendants profited through participation in the scheme. They also ask me to take judicial notice of the minutes from a 2023 Clark County Zoning Commission meeting, during which Welch stated he was involved in raising funds for the All Net Project.

To state a civil RICO claim, the plaintiffs must plausibly allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' business or property." *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quotation omitted).

The complaint does not allege any conduct by the attorney defendants that caused the plaintiffs' injuries. The complaint alleges that Welch siphoned funds from the Messner Reeves client trust accounts and created various fraudulent entities to solicit loans and continue to defraud investors. These allegations against the attorney defendants, however, are in a section of the complaint headed "EVOLUTION OF THE SCHEME." ECF No. 1 at 11. That section

7

begins by noting that the defendants continued borrowing funds from other lenders under similar terms as the plaintiffs "[f]or some time." *Id.* It further states, "[e]ventually, defendants were unable to find any new lenders and moved to the next stage of their funding scheme." *Id.* (simplified). Even taken as true, the allegations about the attorney defendants describe a later scheme to defraud other parties after the plaintiffs had already suffered their injury.[2] The complaint does not allege that the attorney defendants participated in soliciting the loans from the plaintiffs or operated the initial investment scheme.

The complaint does not plausibly allege conduct by the attorney defendants in the pattern of racketeering that caused the plaintiffs' injuries. So, I grant the attorney defendants' motion to dismiss for failure to state a claim.

**III. CONCLUSION**

I THEREFORE ORDER that defendants All Net Land Development, LLC; David Lowden; Messner Reeves, LLC; Torben Welch; Loring Jacobs; Jackie Robinson; All Net, LLC; and Dribble Dunk, LLC's motions to dismiss **(ECF Nos. 13, 35, 36) are GRANTED**.

I FURTHER ORDER that plaintiffs TACSIS APC and Kent Limson may amend their complaint by September 2, 2025. If they do not file an amended complaint by that date, I will close this case.

DATED this 4th day of August, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Although I can take judicial notice that the zoning commission minutes exist, they do not show that Welch or Messner Reeves were involved in the scheme to defraud the plaintiffs. The minutes are dated November 21, 2023, well after the plaintiffs made their loans and suffered their alleged injuries. ECF No. 47 at 11. The exhibits in the plaintiffs' request for judicial notice are submitted as a single, nonsearchable 79-page PDF, to which the plaintiffs do not provide pin cites. I advise the plaintiffs to adhere to Local Rule IC 2-2 for future filings.

8